**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| MICHAEL DEAN VAUGHAN,<br><br>Plaintiff,<br><br>v.<br><br>ADAM TELLE, in his official capacity as Acting Secretary of the Army,<br><br>Defendant. | Case No. 1:26-cv-610<br><br>District Judge Jeffrey P. Hopkins<br><br>Magistrate Judge Stephanie K. Bowman |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

Former Secretary of the Army Daniel P. Driscoll, sued in his official capacity, resigned effective September 2, 2026. Under Federal Rule of Civil Procedure 25(d), his successor, Acting Secretary of the Army Adam Telle, is automatically substituted as Defendant, and the caption reflects that substitution.

Plaintiff Michael Dean Vaughan opposes Defendant's motion to stay, and the motion should be denied. The declaration Defendant filed in support does not justify a stay. It confirms why this case should move forward. The Army Review Boards Agency now concedes, under oath, that the March 2, 2026 return-without-action that Plaintiff challenges resulted from the Agency's own "administrative oversight and processing delays," and not from any failure by Plaintiff to exhaust his administrative remedies. Moyer Decl. ¶ 5. The Agency reopened Plaintiff's application only after Plaintiff filed this action. *Id.* That post-suit change of position does not moot this case, and it does not entitle the Agency to a further pause while it decides whether to grant relief the law already required. A stay would reward the Agency's admitted

error with further delay and would prejudice a disabled combat veteran who has pursued this correction since February 2025 for an injury he sustained in 2008.

**BACKGROUND**

Plaintiff filed his application with the Army Board for Correction of Military Records in February 2025, requesting award of the Purple Heart, under ABCMR Case No. AR20250004526. On October 23, 2025, the Army Human Resources Command issued its final denial, and Plaintiff supplemented his pending application with a revised DD Form 149 and the denial letter. On March 2, 2026, the Agency returned the application without action, asserting that Plaintiff failed to exhaust administrative remedies. Plaintiff filed this action to challenge that return.

The record refutes that stated basis. In the same October 23, 2025, denial, the Human Resources Command directed Plaintiff to appeal to the ABCMR and to provide the Command's correspondence "to demonstrate you have exhausted all available administrative remedies." Plaintiff did exactly that. Yet the March 2, 2026, return stated that his file contained no evidence of an application to, or a decision from, the Awards and Decorations Branch, and directed him to submit the very request the Command had already denied. The Agency's own declaration concedes that Plaintiff had already supplemented his application with the Human Resources Command denial letter before the return. Moyer Decl. ¶ 4. The Agency thus held the denial when it returned the case for lacking it. The return was not a considered exhaustion ruling. It was the administrative error the Agency now concedes.

On August 24, 2026, Defendant moved to stay this action for ninety days. The motion relies on the Declaration of Heidi J. Moyer (Doc. 9-1), a legal advisor at the Agency. The declaration concedes that the March 2, 2026, return resulted from the Agency's "administrative

oversight and processing delays," states that the Agency has since reopened the application, and states that Board review is "anticipated" in October. Moyer Decl. ¶¶ 5-6. Plaintiff did not receive Defendant's motion until Friday, August 28, 2026, when it reached him by mail. Plaintiff's mail was being collected for him while he recovered from surgery, and he received no electronic notice of the filing. He submits this opposition promptly upon receipt and within the time allowed.

One clarification is necessary. Plaintiff uses and acknowledges only ABCMR Case No. AR20250004526, the application he filed in February 2025, and the application the challenged March 2, 2026, return concerned. The second docket number the Agency later assigned, AR20260009393, refers to that same continuously pending application. It does not create a new case, restart the proceeding, or alter Plaintiff's original February 2025 filing date. Plaintiff does not consent to the substitution of that number for AR20250004526.

The motion and the supporting declaration omit facts that bear directly on the case-number issue. After the Human Resources Command issued its final denial, Plaintiff submitted an amended and superseding submission on November 24, 2025, and asked that it be incorporated into his existing case, AR20250004526, without reopening or restarting the case. On January 13, 2026, a representative of the Agency, identified in the correspondence as COL Jeffrey, confirmed in writing that the Agency would hold off on further processing until the denial letter was included in Plaintiff's existing case file, and that, in the Agency's own words, there "won't be a requirement to start over with a new case." Compl., Doc. 1, Ex. D. Despite that written assurance, the Agency assigned a new docket number, AR20260009393. Neither the motion nor the declaration mentions the November 2025 submission or the January 2026 assurance. Plaintiff has since submitted two additional supplemental filings under

AR20250004526, and is submitting a third. He has never used, and does not consent to, any number other than AR20250004526.

**ARGUMENT**

**I. Defendant bears the burden to justify a stay and has not met it.**

The power to stay proceedings is discretionary, but the party who seeks a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). In this Circuit, "the burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977). A court "should be particularly hesitant" where a stay "will disrupt a statutory or administrative timetable." *Id.* The Sixth Circuit reaffirmed that standard in *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014).

Defendant identifies no hardship from continuing to litigate. This case is at the pleadings stage and turns on a discrete administrative record. At the same time, a stay would damage Plaintiff. He has pursued this correction since February 2025, now roughly eighteen months ago, for a combat injury sustained in 2008, and he is rated by the Department of Veterans Affairs as one hundred percent disabled. A ninety-day stay, on top of the Agency's own admitted delay, is a plain and fair possibility of damage that Defendant has not answered with any showing of hardship of its own. Under *Landis*, that imbalance defeats the motion.

**II. The Agency's post-suit reopening does not moot this case, so a stay premised on anticipated mootness is unwarranted.**

This case is not moot, because the relief Plaintiff seeks has not been provided. The Complaint asks the Court not merely to require the Agency to reopen the file, but to require that the ABCMR adjudicate the application on the merits and issue a written decision within a court-ordered deadline. The Agency's post-suit reopening supplied only part of that relief. No Board has adjudicated the application, no written decision has issued, and no enforceable deadline requires one. The reopening therefore has not eradicated the effects of the challenged return.

Defendant argues that the Agency's acceptance and processing of the application will render the case moot once a final decision issues. A defendant's voluntary change in conduct, however, moots a case only when it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," and the party asserting mootness bears that "heavy" burden. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

A government defendant's self-correction is entitled to some solicitude, but not every such action enjoys the same degree. A change made through legislation or another formal institutional process is presumed genuine. But "where a change is merely regulatory, the degree of solicitude the voluntary cessation enjoys is based on whether the regulatory processes leading to the change involved legislative-like procedures or were ad hoc, discretionary, and easily reversible actions." *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 768 (6th Cir. 2019). Here the Agency changed nothing structural. One office reopened one application after suit, an ad hoc and discretionary act the Agency could reverse as easily as it made it. That kind of individualized,

post-litigation correction receives little solicitude, and it does not carry the heavy burden that mootness requires.

Defendant cannot carry that burden here. The Agency has not decided anything. It "anticipates" a Board review in October, but nothing in the record binds it to convene, to decide, or to decide by any particular date. The very conduct Plaintiff challenges, a return of his application through "administrative oversight," is conduct the Agency could repeat. Because the case is not moot now, and may not become moot, the prospect of a future decision cannot justify staying the case in the meantime.

**III. The Court should retain jurisdiction and should not permit the second docket number to obscure the challenged action.**

This action challenges the return of application AR20250004526. The Agency's later assignment of a second number to the same application does not change what is before the Court, and it should not be used to reset Plaintiff's February 2025 filing date, which bears on timeliness under 10 U.S.C. § 1552(b). Judicial supervision is warranted precisely because the Agency concedes that its handling of this application went wrong once already. The Agency also assured Plaintiff in writing, on January 13, 2026, that there would be no requirement to start over with a new case, and then assigned a new number anyway. Compl., Doc. 1, Ex. D. The motion does not explain that reversal. Retaining jurisdiction ensures that the Agency adjudicates the original application, preserves the February 24, 2025, filing date of that application, which it docketed in February 2025 as AR20250004526, and does not treat any later-assigned tracking number as a new application or a new filing date. Should the Court enter any stay, that supervision should also extend to directing the Agency to produce to Plaintiff, before the Board convenes, the administrative record it will place before the Board, including the Human Resources Command

adjudication file, the Human Resources Command Surgeon's Office consultation concerning Plaintiff's application, and the iPERMS audit trail for Plaintiff's records, so that Plaintiff can meaningfully participate and can be prepared to proceed if the Board's decision is adverse.

The stakes of that continuity are concrete. Contemporaneously with this opposition, Plaintiff is filing a substantial supplemental evidence memorandum with the Board under Case No. AR20250004526. That supplemental sets out, from the Army's own produced records, that Plaintiff's line-of-duty determination was materially altered. The examining optometrist's right-eye injury findings were removed, and a signature was typed in her name after she had left Federal service. The same alteration is the subject of Plaintiff's related Freedom of Information Act action, Vaughan v. Department of Defense, No. 1:26-cv-589 (S.D. Ohio), which seeks the audit trail and related records showing how, and by whom, the determination was changed. Those records, which Plaintiff contends will show willful misconduct and the material alteration of his military records, are precisely what the Agency has an institutional interest in keeping from view. The Agency has moved to stay that FOIA action as well. See Defendants' Motion to Stay, No. 1:26-cv-589, Doc. 7 (July 24, 2026). Its motion there acknowledges that Plaintiff seeks the records to develop the evidentiary record for, among other proceedings, a pending Army Office of General Counsel professional-responsibility referral concerning the conduct of several Army attorneys. Those records include the ones that would document the alteration of Plaintiff's line-of-duty determination. The Agency has thus asked two courts, a month apart, to postpone producing them. A stay of this action, entered while the Agency freezes the companion FOIA case, would serve the Agency's interest in delay on both fronts. That is a further reason the Court should not enter an unconditional stay and should retain jurisdiction.

That is why the docket number cannot change. Plaintiff filed his application in February 2025 under the number the Agency assigned him then, AR20250004526, and he has prosecuted it under that number ever since. The February 24, 2025, filing date bears on his timeliness under 10 U.S.C. § 1552(b) and preserves continuity with the original administrative proceeding, and the Agency's own declaration concedes that the March 2026 return resulted from administrative error, meaning the original application was never validly closed. A stay that allowed the Agency to carry the matter forward under a new 2026 docket number, as though it were a new application, would strip Plaintiff of the filing date and the continuity he has held since February 2025. Any stay the Court enters must preserve the original case number and filing date.

**IV. Any stay must preserve Plaintiff's right to seek costs and must not be used to manufacture a mootness dismissal.**

If the Agency's plan is to decide the application and then move to dismiss this action as moot, that course would deprive Plaintiff of the judicial imprimatur required to be a "prevailing party." A defendant's voluntary post-suit conduct, even conduct that gives the plaintiff everything he sought, does not by itself confer prevailing-party status. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001). *See also Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006) (applying that prevailing-party principle under the Equal Access to Justice Act). Plaintiff intends to seek his costs, and any fees and expenses recoverable under applicable law, including the Equal Access to Justice Act, 28 U.S.C. § 2412, following final disposition. Any order the Court enters should retain jurisdiction and should expressly reserve Plaintiff's right to move for those costs and expenses. The Court should not enter a stay that is framed as, or later used to argue, a concession of mootness, and it should not adopt any provision that the parties bear their own fees and costs.

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to stay. In the alternative, if the Court is inclined to grant any stay, Plaintiff requests that the Court:

(a) direct the Agency to accept and adjudicate Plaintiff's original application, ABCMR Case No. AR20250004526, on the merits by a date certain;

(b) require the Agency to adjudicate on the merits Plaintiff's original, continuously pending application, docketed in February 2025 as ABCMR Case No. AR20250004526, to preserve its February 24, 2025, filing date, and not to treat any later-assigned tracking number as a new application or a new filing date;

(c) require the Agency to file periodic status reports with the Court;

(d) retain jurisdiction to ensure compliance and to resolve any remaining issues;

(e) expressly reserve Plaintiff's right to move for costs and for any fees and expenses recoverable under applicable law, including the Equal Access to Justice Act, with no provision that the parties bear their own costs; and

(f) direct the Agency to produce to Plaintiff, before the Board convenes, the administrative record it will place before the Board, including the Human Resources Command adjudication file, the Human Resources Command Surgeon's Office consultation concerning Plaintiff's application, and the iPERMS audit trail for Plaintiff's records.

Respectfully submitted,

MICHAEL Vaughan
_______________________
Michael Dean Vaughan, Pro Se
Former First Lieutenant, U.S. Army (Kentucky Army National Guard)
500 Leo Drive, Hamilton, Ohio 45013
(859) 743-1355
warhacker6@gmail.com
Dated: September 8, 2026

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record, including Linda Mindrutiu, Assistant United States Attorney, counsel for Defendant.

MICHAEL Vaughan
_______________________
Michael Dean Vaughan, Pro Se